UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
MERRELL C. SAGER,                   )   No. C08-5463FDB
                                    )
                    Plaintiff,      )
            v.                      )   ORDER
                                    )
RICHARD C. ADAMSON, *et al.*,       )
                                    )
                    Defendants.     )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Declaration of Prejudice" in the above-captioned matter. Dkt. # 4. The Honorable Franklin D. Burgess, United States District Judge, declined to recuse himself voluntarily. Dkt. # 9. Plaintiff's declaration is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

The only evidence of bias presented by plaintiff is the fact that Judge Burgess ruled against him in an earlier action. See Sager v. Thurston County, C03-5050FDB. Other than a vague assertion that dismissal of that cause of action was somehow improper because the Washington State Court of Appeals subsequently ruled differently on the issue presented, plaintiff does not attempt to show that Judge Burgess' prior decision was legally or factually incorrect. In fact, the court's records show that the dismissal was affirmed on appeal by the Ninth Circuit. Nor does plaintiff identify any extrajudicial source of the alleged prejudice: the only evidence of bias presented is Judge Burgess' earlier decision. Judicial decisions made during the course of litigation are rarely an adequate basis for a motion to recuse, however. The losing party often disagrees with the judge's ruling but cannot use the recusal process for a strategic purpose or to "judge shop." See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).[1] Although an adverse decision may, in limited circumstances, give rise to an

---

[1] Objections to an adverse decision must be raised through an appeal, not a motion to recuse. As noted above, plaintiff was unable to convince the Ninth Circuit that an error had occurred.

inference of bias if it is so arbitrary that the motives of the judicial officer could rightly be questioned, there is no basis for such an inference here.

Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias. Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Burgess' impartiality cannot reasonably be questioned despite the fact that he dismissed plaintiff's prior complaint. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Burgess from this matter is DENIED.

Dated this 12th day of August, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court