UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MERRELL C. SAGER,

    Plaintiff,

v.

RICHARD C. ADAMSON, in his judicial and individual capacity; MASON COUNTY, WASHINGTON; MASON COUNTY SUPERIOR COURT; MASON COUNTY SHERIFF'S DEPARTMENT; SHERIFF CASEY SALISBURY, in his official and personal capacity,

    Defendants.

Case No. C08-5463 FDB

ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND GRANTING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

    This is a civil rights and tort action relating to the removal of a litigant from a courtroom by a Mason County Superior Court Commissioner. This matter comes before the Court on Defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. After having reviewed all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies Plaintiff's motion for an extension of time to conduct discovery and grants the Defendants' the motion for dismissal for failure to state a claim.

**Introduction and Background**

ORDER - 1

Plaintiff's Sager's Amended Complaint alleges that Mason County Court Commissioner Richard Adamson ordered that Plaintiff be removed from a courtroom and arrested for tape recording a hearing in which Plaintiff was a party and Commissioner Adamson was presiding. Plaintiff further asserts that the Commissioner continued the judicial proceedings without providing Plaintiff Sager the opportunity to be heard. Plaintiff asserts that the Commissioner's actions were negligent and that he acted in a knowingly, intentionally, willfully biased manner towards Mr. Sager. Although the Plaintiff names as additional defendants Mason County, Mason County Superior Court, Mason County Sheriff's Department, and Mason County Sheriff Casey Salisbury, the Amended Complaint alleges no facts regarding the involvement of these persons and/or entities in the incident. Plaintiff's Amended Complaint asserts causes of action for violation of his civil rights, false arrest and kidnaping, defamation, and a violation of due process.

**Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, taking all his allegations as true and drawing all reasonable inferences from the complaint in his favor. A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Doe v. U.S., 419 F.3d 1058, 1062 (9th Cir. 2005). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986). Thus, the Court's task is merely to assess the legal feasibility of the complaint. Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 1998).

Plaintiff requests the Court delay consideration of the Rule 12(b)(6) motion in order that he be permitted to conduct discovery. The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir.1993). The

ORDER - 2

motion to dismiss does not involve evaluating the substantive merits of the claim. The complaint should be dismissed where plaintiff fails to state a claim showing that the pleader is entitled to relief. Plaintiff Sager has not established any grounds to justify an extension of time. The motion to dismiss assumes the truth of all well-pleaded facts and raises the purely legal issue of sufficiency of the pleading to support the alleged legal claims. Accordingly, Plaintiff's motion for an extension of time is denied.

**Absolute Judicial Immunity**

Judicial immunity is "an absolute immunity from all claims relating to the exercise of judicial functions." Antoine v. Byers & Anderson, 508 U.S. 429, 433 n. 8 (1993). It is well-settled that a judge is entitled to absolute immunity for all acts committed within his judicial jurisdiction, including grave procedural errors. The necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. A judge is not be deprived of immunity because the action taken was in error, was done maliciously, or was in excess of his authority. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Id, at 356. Judicial immunity applies to all types of judges at all levels of courts. O'Neil v. City of Lake Oswego, 642 F.2d 367, 368, n. 2 (9th Cir. 1981). Such judicial immunity extends to judicial acts allegedly committed in contravention of 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 554 (1967).

Whether an act is judicial depends on the nature and function of the act, not the act itself. Mireles v. Waco, 502 U.S. 9, 13 (1991). Courts look to two factors in making this determination: the nature of the act, i.e. whether the act is a measure normally performed by a judge, and the expectations of the parties, i.e. whether the parties dealt with the judge in his judicial capacity. Id, at 12. The Ninth Circuit has identified the following factors as relevant to the determination of whether

ORDER - 3

a particular act is judicial in nature: (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001)(Judge acted in judicial capacity if refusing to provide real-time transcription at hearings).

Maintaining order in a judicial or quasi-judicial proceeding is an integral part of the judicial function. See, e.g., Mireles, at 10-13 (holding that a judge's order to his courtroom police officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom" was a judicial act). It is within a judge's power, and indeed a judge's obligation, to protect the sanctity and dignity of courtroom proceedings. Gregory v. Thompson, 500 F.2d 59, 64 (9th Cir. 1974). A judge acts in his judicial capacity when he exercises control over his courtroom, and by extension, when he bars a litigant or attorney from the courtroom. Cameron v. Seitz, 38 F.3d 264, 271 (6th Cir. 1994); Sheppard v. Maxwell, 384 U.S. 333, 358 (1966). In some cases it may be necessary to use physical force to preserve order. In such cases, the proper conduct for a judge is to summon a sheriff to escort the disruptive individual from the courtroom. Id., at 64-65.

Even assuming that Commissioner Adamson acted in excess of his authority in prohibiting recording of the proceedings, removing Sager form the courtroom and continuing the proceedings in his absence, that does not mean that he acted in the absence of all jurisdiction, particularly when his actions are "taken in the very aid of the judge's jurisdiction over a matter before him" Mireles v. Waco, 502 U.S. 9, 13 (1991). Construing the complaint in the light most favorable to the Plaintiff, taking all his allegations as true and drawing all reasonable inferences from the complaint in his favor, indicates that Plaintiff has not stated a claim upon which relief can be granted. The allegations in the Amended Complaint show clearly that all the acts of which Plaintiff Sager complains occurred in the course of judicial proceedings conducted by Defendant Commissioner Adamson. Judges have absolute immunity for acts done in the exercise of this judicial function. In sum, Commissioner

ORDER - 4

Adamson clearly acted within his jurisdiction when he had prohibited taping, had Plaintiff removed from his courtroom, and continued the proceedings. Thus, Commissioner Adamson is absolutely judicially immune from Plaintiff's suit.

Court officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty. Martin v. Hendren, 127 F.3d 720, 721 (8th Cir.1997); Valdez v. City and County of Denver, 878 F.2d 1285, 1288 (10th Cir. 1989); Henry v. Farmer City State Bank, 808 F.2d 1228, 1239 (7th Cir. 1986). The conduct of a sheriff in escorting an individual from a courtroom when summoned by a judge to do so affords the sheriff judicial immunity. Gregory v. Thompson, 500 F.2d 59, 64-65 (9th Cir. 1974). Here, at the most, the Mason County Sheriff was following the explicit order of Mason County Court Commissioner Adamson to remove Plaintiff from the courtroom. Plaintiff's action against the Mason County Sheriff for enforcing that court order and interfering with his alleged right to remain in the courtroom is accordingly barred by judicial immunity.

There being no individual liability, municipal liability cannot be imposed upon the Mason County, Mason County Superior Court, and Mason County Sheriff's Department on a respondeat superior basis. Vicarious liability imposes liability on an employer for the torts of an employee who is acting on the employer's behalf. Niece v. Elmview Group Home, 131 Wash.2d 39, 48 (1997). Thus, a court properly dismisses a respondeat superior claim against a defendant employer based on the allegedly tortious actions of its employees when the tort claims against the employees are properly dismissed. Orwick v. Fox, 65 Wn. App. 71, 88, (1992).

Additionally, 42 U.S.C. § 1983 liability cannot be imposed on a municipal entity pursuant on a respondeat superior basis. Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 691 (1978). Generally, a municipality is liable under Monell only if a municipal policy or custom was the "moving force" behind the constitutional violation. See Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007). In other words, there must be "a direct causal link between a municipal

ORDER - 5

policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

## Conclusion

For the above stated reasons the Defendants are entitled to dismissal of Plaintiff's claims.

ACCORDINGLY;

IT IS ORDERED:

(1) Plaintiff's Motion to delay proceedings [Dkt. # 18] is **DENIED**.

(2) Defendants' Rule 12(b)(6) motion to dismiss [Dkt. # 16] is **GRANTED** and Plaintiff's Amended Complaint DISMISSED, with prejudice.

DATED this 8th day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6